## Powell v. Philadelphia Board of License and Inspection Review

*Morton Craine,* for appellant.

*Benjamin R. Donolow,* for appellee.

WEINROTT, J., October 24, 1961.—On May 25, 1961, petitioner, Edward Powell, who resides at 6021 Pine Street, Philadelphia, filed a petition for a writ of certiorari directed to the License and Inspection Review Board complaining that this administrative body had improperly ruled on April 25, 1961, that one Louise Lytle was entitled to the issuance of a poolroom license for premises 329 South Sixtieth Street, Philadelphia. The Department of Licenses and Inspections had initially denied the application of Louise Lytle. The applicant for the license filed a rule to show cause why she should not be granted leave to intervene in this proceeding initiated by petitioner, Edward Powell, and this rule was made absolute. Thereupon, said intervenor filed a motion to quash the appeal alleging that the courts of common pleas do not have jurisdiction and that the petitioner is not a person aggrieved.

The intervenor relies wholly upon the Act of June 7, 1911, P. L. 668, as authority for her position. This act, after imposing the requirement that a license be obtained for a public billiard room, sets forth the

conditions for issuance of the same and establishes a procedure whereby the director of public safety is the issuing authority. Any person "feeling aggrieved" by his action may, within 10 days thereafter, appeal to the court of quarter sessions, which is required to hear the appeal within 15 days of the date of filing.

This argument must fall in the light of the First Class City Home Rule Act of April 21, 1949, P.L. 665, which authorizes such cities to frame and adopt or amend their own charters and exercise all powers and authority of local self government with certain limitations therein prescribed.

Pursuant to the authority vested in it by the Home Rule Act, the city formulated the Home Rule Charter reposing the duty of the issuance of all licenses, including billiard room licenses, in the Department of Licenses and Inspections. This, we believe, divested the director of public safety, now commissioner of police, of the power and duty placed upon him by the Act of June 7, 1911. Moreover, there is no longer a director of public safety. The city later provided for appeals from the rulings of the Department of Licenses and Inspections to the Board of License and Inspection Review. No provision was made for an appeal from that latter body, but it is apparent that by the giving of the power to grant and review licenses in these new agencies, the procedural aspects of the Act of 1911 were completely changed. To endeavor to make applicable now the procedures which were established in the light of the then existing agencies in Philadelphia would render meaningless the requirement that the application for license be presented to the Department of Licenses and Inspections and the Review Board.

Our Pennsylvania Rules of Civil Procedure, Rule 1*(a) provides:

"Unless otherwise provided by law, by these rules or by special order of the court, the practice and procedure in appeals from administrative agencies of the City of Philadelphia and other like bodies, from which appeals are allowed by law, shall be taken and prosecuted in the same manner as provided by Rules 1 to 13 of these rules relating to appeals from administrative agencies of the Commonwealth, subject to such substitutions and adaptations of the language of said rules as may be necessary with respect to the terminology, identities, designations and titles of the agencies and officials to, or upon whom, process or notice is required therein to be directed, served or given."

The time for appeal prescribed by the applicable rule is 30 days from the date of service of the adjudication by the administrative agency, and the procedure is by writ of certiorari directed to the agency named in the appeal. This is precisely the procedure which was followed by the petitioner, Edward Powell.

Since the city by its Home Rule Charter amended the procedural method of making application for licenses and created a new administrative agency, but did not provide for any means of appeal from said body, it would appear that the Rules of Civil Procedure outlined above must govern, and that jurisdiction is properly in the courts of common pleas rather than in the quarter sessions court.

We dismiss as wholly without merit the contention that petitioner, Edward Powell, is not an aggrieved person. The act specifically establishes as a criteria that due regard be given the number and character of persons for and against the granting of the license, and whether it would be detrimental to the immediate neighborhood. Petitioner resides and maintains his home just a short distance from and in the immediate vicinity of the location proposed to be licensed. Who would be better able than a nearby home owner or

tenant to describe the effect on the community of this proposed billiard room. Certainly, if there are to be any persons who are aggrieved or "feeling aggrieved," he would fall within the category outlined by the Act of 1911. No substantive change is effected or necessitated in the statute by this construction.

Petitioner has the right to now offer relevant evidence to show that the license should not have been granted. At this hearing, the issues to be determined are those raised by paragraphs 6 and 7 of the petition for a writ of certiorari. Petitioner there contends, and we will consider whether, the operation of a poolroom by the licensee at 329 South Sixtieth Street, Philadelphia, will be detrimental to the immediate neighborhood.

In view of the foregoing, we enter the following:

*Order*

And now, to wit, October 24, 1961, the motion of Louise Lytle, intervenor, to quash the appeal of petitioner, Edward Powell, is dismissed.